GRAY et al. v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. August 1, 1905.)

No. 1,120.

1. REFORMATION OF INSTRUMENTS—CONDITION IN DEED—EFFECT OF ACCEPTANCE.

A landowner executed a contract, by which he agreed to convey to a railroad company right of way over his land, in consideration of the payment of a certain sum, and that the company should establish and maintain a passenger station on the land, and stop its accommodation trains thereat to take and leave passengers. Subsequently, a deed for the right of way was made and delivered to the company, which recorded the same. Such deed made it a condition of the grant that the company should maintain the station and stop thereat all its accommodation trains, and provided that, if it should fail to perform such condition, the land should revert. *Held* that, in the absence of evidence to the contrary, the company must be presumed to have accepted the deed as a fulfillment of the contract; that the contract thereupon became merged in the deed, which measured the rights of the parties; and that a subsequent grantee of the company was not entitled to a reformation of the deed by elimination of the condition.

2. INJUNCTION—RESTRAINING ACTION AT LAW—GROUNDS OF EQUITABLE JURISDICTION.

A bill for an injunction to restrain the further prosecution of an action at law presents no case for equitable jurisdiction, where it merely traverses allegations of fact made in the declaration in the law action.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 35.]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The bill in the Circuit Court was by appellee, a corporation of Wisconsin, against appellants, citizens of the state of Illinois.

July 10th, 1872, John Gray, under whom appellants claim title to the land in dispute, executed and delivered to the Chicago, Milwaukee & St. Paul Railway Company—a corporation organized under the laws of Illinois, for the purpose of constructing and operating a railway from Chicago, north to the Wisconsin state line—lessor of appellee, a certain contract under seal, whereby for the consideration therein named, he agreed to convey by good and sufficient deed, certain real estate constituting the railway's right of way, as located, being a strip fifty feet in width on each side of the center line of such railway.

The contract provided that: "Whereas: The Chicago, Milwaukee & St. Paul Railway Company propose to build a railroad from Chicago to the state line between the states of Illinois and Wisconsin; now in consideration of their undertaking the same, and of the price to be paid as hereinafter mentioned, I hereby agree to grant, bargain and sell to the said Railway Company, and their successors and assigns, for the purpose of constructing a railroad thereon, and for all uses and purposes connected with the construction and use of said road, the right of way for the said railway over and through the following described tract, piece or parcel of land, situate, lying and being in the county of Cook and State of Illinois, bounded and described as follows, viz.: a strip, belt or piece of land fifty feet wide on each side of the center line of said railroad, as the same is now located across the Northwest quarter of Section 22, Township 40, Range 13 East third principal meridian. In consideration thereof, the said Railway Company are to pay to me the sum of one dollar and establish and maintain a passenger station on or near Milwaukee Plank Road and stop its accommodation trains thereat to take and leave passengers. And there is excepted from the one hundred feet in width a strip of land twenty feet in width along its west side for fifty feet each way from the Artesian well in operation on said land and are to build and maintain a fence on each

side of their track across the land above described, with good farm crossings for the accommodation of the farm with gates at such crossings.

"And I further agree that when said company tender to me the said price, I will give to them, or to their assigns, a good deed of conveyance of said right of way, whereby they will obtain a clear title to the same; and I do hereby license and authorize said company to enter upon and hold possession of said strip of land for the purpose of constructing their road over the same; provided, however, that this contract shall be void and of no effect unless said price shall be paid or tendered and said road built within two years from this date."

Under and in virtue of this contract, the Railway Company at once entered into possession of the strip of land described, constructing its railway over the same and. constructing a passenger station thereon; and since that date, has remained in possession, operating its road, through itself and its lessee, the appellee, until the present· time.

January 1st, 1874, John Gray executed a certain warranty deed, Phoebe M. Gray, his wife, George L. Gray, his son, Clara M. Merchant, his daughter, and John F. Merchant, her husband, all joining, whereby was conveyed to the Chicago, Milwaukee & St. Paul Railway Company, lessor of appellee, the property described in the contract, but containing in addition thereto, the following provision:

"This conveyance is made upon the express conditions that said Railway Company shall maintain a passenger depot at the place where the passenger depot of said company is now located and erected on said premises and stop thereat all its accommodation trains to take and leave passengers. In the event the party of the second part, its successors or assigns, shall fail to perform and fulfill all the above requirements and conditions, all the land above described and herein conveyed to the party of the second part shall then revert to the parties of the first part, their heirs, administrators or assigns."

It is stipulated in the record, that this deed was delivered to the appellee's lessor shortly after its execution, and by said lessor recorded in the office of the recorder of deeds of Cook County, March fourth, 1874. Respecting the circumstances of such execution and delivery, or any understanding or terms on which it was received by the Railway Company and recorded, there are no averments or proof other than the foregoing.

December 12th, 1874, the Chicago, Milwaukee & St. Paul Railway Company of Illinois, leased its railroad, including the land in question, to appellee; and on May 5th, 1896, the Illinois corporation by deed, sold and conveyed to appellee the railway with its appurtenances. The appellee now operates six thousand one hundred and eight miles of railway, of which the line over the land here in dispute constitutes an important part.

February 2nd, 1893, two certain ejectment suits were commenced in the Superior Court of Cook County, Illinois, one by appellant, George L. Gray, and the other by appellants Holland, Sherman, Hoffman, Merchant and Allen W. Gray, against appellee and the Chicago, Milwaukee & St. Paul Railway Company of Illinois—all claiming title under John Gray—the suits seeking to eject said railway from possession; and proceeding on the ground that the railway was not stopping all its accommodation trains as provided for in the deed.

The purpose of the bill in the Circuit Court of the United States was to restrain and enjoin the prosecution of these suits; to restrain and enjoin the appellants from commencing any other action or proceeding for the possession of the right of way in dispute; to reform the deed as above set forth so as to make it strictly conform to the contract and agreement above set forth; to quiet appellee's title in the premises; and for other relief.

The decree adjudged that appellants had no estate, right, title or interest, in the strip or belt of land constituting such right of way; that the title of appellee thereto was good and valid, wholly free from claim of right, forfeiture, or reverter asserted by appellants; that the reverter and forfeiture embodied in appellants' deed were void, and form no basis of any right in favor of appellants; and enjoining and restraining appellants, and each of them, from asserting any claim whatsoever, to the premises, or instituting or prosecuting any ac-

tion at law or in equity for the possession of the same, or for the forfeiture of appellee's title. It is from this decree that the appeal is prosecuted.

Further facts are stated in the opinion.

Geo. A. Dupuy, for appellants.

Edwin Walker, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts). Inasmuch as the lease to appellee was not made until after the deed in question was delivered to, and recorded by, the Illinois corporation, no rights growing out of, or claiming protection under, the deed, can be held to be barred by the lease. The case before us—except for citizenship, as affecting jurisdiction only—is as if it were a controversy between the original Illinois Company and the appellants.

The contract under which the Illinois Company took possession contemplated, that in consideration of the execution of the contract, the Railway Company would, in the immediate future, build a railroad from Chicago to the Wisconsin state line, and would, in the future, pay the price thereinafter mentioned, to-wit: One dollar, with the agreement that the road would establish and maintain a passenger station, at a designated point on the grantor's land, at which there would be stopped accommodation trains to take on and leave off passengers. The contract, on its face, was not a deed or conveyance. It was an agreement to deed and convey; and, obviously, contemplated that a deed would be subsequently executed and delivered.

A deed was executed and delivered, and by the railroad company recorded. Unquestionably, the deed thus executed and delivered marks the culmination of the transcation contemplated in the contract, and, if accepted, constitutes the contract in its entirety between the parties, the preliminary contract being thereby merged in the deed. Whether the deed was accepted is a question of fact to be determined from this record.

The contract and deed are each before us. On their face they appear to constitute two links in a single transaction. The only circumstance, aliunde, that bears upon the question of acceptance, is the stipulated fact that the deed was delivered to the Railway Company, and by it recorded. There is no evidence of disagreement over its terms, or of protest that it did not correctly embody the agreement between the parties; and no reservation that its delivery and record should not be taken as affecting any rights acquired under the contract. Upon the facts disclosed, the Railway Company appears to have accepted, without question, the deed as offered; and to have recorded it as the title derived from Gray. Under circumstances such as these, we do not see how the company can escape the legal conclusion that the contract was merged in the deed, the deed thenceforth embodying the reciprocal rights of the parties.

But all this being assumed, it is urged that the provision of the deed, that all accomodation trains should be stopped at the station named, on pain of forfeiture or reverter of title to the grantors, is void as against

public policy. True it is, that around a great city like Chicago grow up many large communities at different distances, that can be adequately served only by trains, that from a railroad point of view are purely suburban, but from a point of view that is to give to the communities good service, require schedules that do not admit of the stopping of every train at every station. Under such circumstances, a stipulation, such as is contained in this deed, might come to be a burden upon the public. But it is not shown, that at the time the stipulation was made, it was a burden on the public. Nor, as a burden on the public now, is the case under review predicated. The sole justification set up by the railway company, for not stopping the train in question is, not that the stopping of all accommodation trains would burden the public, but that the train in question was not an accommodation train, but a milk train, put on solely for the accommodation of the producers and shippers of milk between Beloit and Chicago. The Railway Company is not in court with a case showing that accommodation trains are not being stopped, and that the reason why they are not stopped is, that to do so would be against public policy, and a burden upon the public. The case in court simply is a denial by the Railway Company that it is not stopping every train covered by the stipulation. The case thus made out is not one for equitable jurisdiction, but an attempt, rather, to traverse in equity the averment of appellants in the suit at law; and on such traverse to stop the further prosecution of the action at law. A bill to that end, of course, will not lie. When the appellant sets up some clear danger that the interest of the public in the highway is about to be harmed, and, on such ground, asks relief, on proper conditions, it will be time to determine what equity can do.

The decree of the Circuit Court is reversed, with instructions to the Circuit Court to dismiss the bill for want of equity.